3

Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
555 Capitol Mall Suite 750
Sacramento, CA 95814-4508
Phone: (916) 333-2222
Fax: (916) 273-8956
Email: legal@rickmorin.net

Attorney for Debtor John Vogt Powell, III

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>John Vogt Powell, III,<br><br>　　　　Debtor. | Case No. 18-22445-B-7<br>Chapter 7 |
| John Vogt Powell, III,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LendingClub Corporation,<br><br>　　　　Defendant. | Adversary No.<br><br>**COMPLAINT FOR DAMAGES FOR WILLFUL VIOLATIONS OF THE AUTOMATIC STAY** |

Plaintiff John Vogt Powell, III alleges as follows:

## JURISDICTION AND VENUE

1. This adversary proceeding arises from and is related to the above-captioned bankruptcy.

2. Jurisdiction exists pursuant to 11 U.S.C. § 362 and 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. § 1409(a).

## PARTIES

3. Plaintiff John Vogt Powell, III ("Plaintiff") is the debtor in Chapter 7 case number 18-

---

22445-B-7 now pending in this United States Bankruptcy Court.

4. Defendant LendingClub Corporation ("LendingClub") is a Delaware Corporation with its principal place of business in San Francisco, California.

**FACTUAL ALLEGATIONS**

5. Plaintiff filed a voluntary Chapter 7 bankruptcy petition on April 24, 2018.

6. At the time Plaintiff declared bankruptcy, Plaintiff listed "LendingClub Corporation" as a creditor on his Schedule E/F. *(See Doc. Item No. 1.)*

7. Notice of Plaintiff's bankruptcy was sent to LendingClub by the Bankruptcy Noticing Center on April 26, 2018. *(See Doc. Item No. 10.)*

8. After declaring bankruptcy, LendingClub sent Plaintiff an email titled "Bankruptcy information required" dated May 14, 2018, in which LendingClub indicated that they had stopped automatic payments. However, the email also stated that LendingClub "may continue to contact you (Plaintiff) regarding your account" until they receive Plaintiff's attorney's name and contact information.

9. On June 13, 2018, LendingClub sent a "Payment Reminder" to Plaintiff notifying him that his $249.66 payment was due June 21, 2018.

10. On July 6, 2018, LendingClub sent a "Payment Reminder" to Plaintiff notifying him that his $366.99 payment was due by July 21, 2018.

11. All three emails state that "You cannot opt-out of receiving transactional emails."

**FIRST CAUSE OF ACTION**

**(WILLFUL VIOLATIONS OF AUTOMATIC STAY)**

12. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

13. The Bankruptcy Court entered an order for relief on April 24, 2018.

14. The Automatic Stay imposed by 11 U.S.C § 362(a) prohibits non-debtors from, among other things, taking collection action against a debtor and/or the property of the estate. A non-debtor that willfully violates the Automatic Stay is liable for actual damages.

15. Here, LendingClub willfully violated the Automatic Stay by sending written demand

for payment for pre-petition debts despite having actual notice of Plaintiff's bankruptcy.

16. Plaintiff intended to coerce Plaintiff into paying debts he was not required to pay because the pendency of the Automatic Stay.

17. LendingClub had actual notice of Plaintiff's bankruptcy through the Bankruptcy Noticing Center on April 26, 2018. LendingClub further acknowledged Plaintiff's bankruptcy in their May 14th email to Plaintiff.

18. Plaintiff suffered actual damages and general damages in an amount to be proven at trial.

19. Actual damages for violations of 11 U.S.C. § 362(a) include an award of attorney's fees pursuant to 11 U.S.C. § 362(k).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court:

1. Enter judgment against LendingClub Corporation for willful violations of the Automatic Stay;

2. Award Plaintiff economic damages, non-economic damages, and attorney's fees and costs; and

3. For such other and further relief as the Court deems just and proper.

Dated: July 9, 2018　　　　　　　　　　　　　Law Office of Rick Morin, PC

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　By: Richard Morin
　　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff